**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 07 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHERINE TWEEDLE                                    PLAINTIFF


V.                    CASE NO. 4:04-CV-608 (RSW)


STATE FARM FIRE AND CASUALTY
COMPANY                                              DEFENDANT


## MEMORANDUM AND ORDER

### I.    Introduction

Before the Court is defendant's Motion for Partial Summary
Judgment (doc. #66). The defendant moves for summary judgment on
plaintiff's claims of (1) bad faith, (2) slander, (3) outrage,
and (4) negligence. As articulated below, the defendant's Motion
for Partial Summary Judgment is **GRANTED**.

### II.   Background

On June 16, 2003, the plaintiff's former residence, located
at 1811 Chitwood Street, Benton, Arkansas, was damaged by two
separate fires. The residence was insured by the defendant, State
Farm Fire and Casualty Company. Ms. Tweedle made a claim to State
Farm for the loss suffered from the two fires. After an
investigation, State Farm denied Ms. Tweedle's claim on the basis
of the fires being incendiary in nature and occurring at the
direction of plaintiff or someone on her behalf. The defendant

1

further stated that the policy was void because of intentional
concealment or misrepresentation of material facts by the
plaintiff.

Ms. Tweedle then filed this action against State Farm,
alleging bad faith and breach of contract. The plaintiff later
amended the Complaint to include causes of action for breach of
the implied warranty of good faith and fair dealing, slander,
outrage, and negligence. Trial in this matter is currently set
for October 31, 2005.

## III. Discussion

### A.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides
that summary judgment is proper "if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment
as a matter of law."  All evidence and inferences are to be
viewed in a light most favorable to the nonmoving party. Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving
party bears the initial responsibility to demonstrate the absence
of any genuine issue of material fact and entitlement to judgment
as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323
(1986). To defeat summary judgment, the nonmoving party must go
beyond the pleadings and designate specific facts showing a

genuine issue of material fact for trial. Id. at 324. Thus, the "basic inquiry" for purposes of summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996)(citing Anderson, 477 U.S. at 251-52 (1986)). With this standard in mind, the Court begins its analysis.

B.    Tort of Bad Faith

Bad faith is an actionable tort in Arkansas. Aetna Casualty & Surety Co. v. Broadway Arms Corp., 281 Ark. 128, 664 S.W.2d 463, 465 (1984). In order to succeed on her claim of bad faith, the plaintiff must show that there was affirmative misconduct by State Farm, without a good faith defense. Id. "The misconduct must be dishonest, malicious, or oppressive in an attempt to avoid liability under an insurance policy." Id. State Farm's conduct must be characterized by actual malice, which is "hatred, ill will or a spirit of revenge." Id. at 133-34. However, actual malice can be inferred from conduct and surrounding circumstances. Id. at 134. As articulated below, the plaintiff has failed to designate specific facts showing a genuine issue of material fact for trial in regards to her claim of bad faith.

The basis for the plaintiff's claim of bad faith against State Farm is that the defendant accused the plaintiff of arson

and denied her claim without justification. The problem with this argument is that there was ample justification for State Farm to deny Ms. Tweedle's claim.

In his report of the incident, Bruce Armstrong of the Benton Fire Department concluded that there were two different fires with two distinct areas of origin and that both fires were incendiary in nature. Ms. Tweedle testified that she was the last one that she knew of to leave the house on June 15th and the first one to arrive on June 16th. Ms. Tweedle was also the only person that Bruce Armstrong saw at the scene shortly before discovering the second fire. Ms. Tweedle also told Bruce Armstrong that she had been in Ben's bedroom that morning, which was the location of the second fire.

In addition, it is undisputed that mortgage payments from her ex-husband had stopped due to the couple's child turning eighteen. The house was to be sold and the proceeds split between Ms. Tweedle and her ex-husband, Stansel Harvey. Ms. Tweedle had already moved to a different residence when the fire occurred. According to the couple's divorce decree, Ms. Tweedle was responsible for keeping the house in a reasonable condition. Mr. Harvey alleges that the house was in a deplorable condition and that extensive repairs were needed before sale could be possible.

All of these facts indicate that a real and honest controversy exists with respect to State Farm's liability on the

policy. "Mere refusal to pay insurance cannot constitute wanton or malicious conduct when, as here, an actual controversy exists with respect to liability on the policy." Findley v. Time Ins. Co., 264 Ark. 647, 651, 573 S.W.2d 908, 910 (1979) (quoting Moffet v. Kansas City Fire & Marine Ins. Co., 173 Kan. 52, 244 P.2d 228 (1952)). The plaintiff has failed to allege any actions on the part of State Farm that would constitute bad faith. Accordingly, no genuine issue of material fact exists, and the evidence is such that a reasonable jury could not return a verdict for the plaintiff. See Liberty Lobby, Inc., 477 U.S. at 249 (stating that if the evidence is merely colorable or is not significantly probative, summary judgment may be granted).

C.    Slander

Plaintiff asserts in Count III of the Amended Complaint that "Defendant, by and through the actions of the agents, servants and employees of the Defendant, has slandered the Plaintiff under the Circumstances." The defendant contends that it is entitled to summary judgment because the plaintiff has not presented any actionable evidence of slander under Arkansas law.

To prove slander, the plaintiff must prove the following elements: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's

falsity; and (6) damages." <u>Northport Health Services, Inc. v. Owens</u>, 356 Ark. 630, 641, 158 S.W.3d 164, 171 (2004). The main question is whether the communication or publication was reasonably calculated to cause harm to Ms. Tweedle's reputation. <u>Id.</u>

It is difficult to determine the exact basis of plaintiff's claim of slander. The plaintiff lists no specific action or communication that would constitute slander in the Amended Complaint. Her expert, John Youngblood, does state in paragraph 10 of his report that "State Farm has no basis for accusing Katherine Tweedle of arson and denying her claim. In accusing her, they have libeled her." However, this conclusory allegation is not enough. <u>See</u> Fed. R. Evid. 56(e)(stating that the nonmoving party cannot rely upon the mere allegations or denials of the party's pleadings). The party opposing summary judgment cannot rely on unsupported, conclusory allegations. <u>Celotex Corp.</u>, 477 U.S. at 325; <u>LaCroix v. Sears, Roebuck, and Co.</u>, 240 F.3d 688, 691 (8th Cir. 2001). Nothing in the record supports the plaintiff's claim of slander. Accordingly, summary judgment is appropriate.

D. <u>Tort of Outrage</u>

In Count V of the Amended Complaint, the plaintiff asserts a cause of action against the defendant for the tort of outrage, otherwise known as intentional infliction of emotional distress

6

("IIED"). The plaintiff claims that the defendant "willfully and wantonly engaged in extreme and outrageous conduct." The defendant argues that the plaintiff has neither pled nor provided proof of this claim and therefore summary judgment is appropriate.

To prove a claim of outrage, the plaintiff must prove the following elements:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his or her conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

Allen v. Allison, 356 Ark. 403, 416, 155 S.W.3d 682, 691 (2004). Arkansas courts give a narrow view to the tort of outrage, and the elements require clear-cut proof. Id. at 416-17, 155 S.W.3d at 692.

The plaintiff has failed to allege any facts or produce any evidence that State Farm acted beyond all possible bounds of decency in denying Ms. Tweedle's claim. Denying someone's insurance claim alone can hardly be called extreme and outrageous. As stated above, there is an honest dispute over State Farm's liability on the contract. As the Arkansas Supreme Court has stated, "Merely describing the conduct as outrageous does not make it so." Renfro v. Adkins, 323 Ark. 288, 299, 155

S.W.3d 306, 312 (1996). The plaintiff has failed to allege conduct that supports a claim of outrage. Therefore, the plaintiff has not set forth specific facts showing that there is a genuine issue for trial.

E.    Negligence

In Count VI of the Amended Complaint, the plaintiff asserts that the defendant failed to use ordinary care under the circumstances. Plaintiff's negligence claim seems to be nothing more than a restatement of her breach of contract claim. The plaintiff has pled no facts or provided any evidence that defendant acted negligently in handling her claim. Accordingly, summary judgment is appropriate.

III.    Conclusion

Although a court should never grant summary judgment solely on the desirability of saving time or expense, the Court is conscious of the fact that Rule 56 of the Federal Rules of Civil Procedure is intended to promote the expeditious disposition of cases and avoid unnecessary trials when no genuine issues of fact have been raised by the nonmoving party. See Celotex, 477 U.S. at 327 (holding that "[s]ummary judgment procedure is properly regarded not as disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action' (quoting Fed. R. Civ. P. 1)); Anderson v. Viking

8

Pump Div., Houdaille Indus., Inc., 545 F.2d 1127, 1129 (8th Cir.
1976). The trial court's function at the summary judgment stage
is not to weigh the evidence but to determine whether there are
any issues for trial. Liberty Lobby, Inc., 477 U.S. at 249.
However, there are no issues for trial unless there is sufficient
evidence for a jury to return a verdict for the nonmoving party.
Id.; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.
1995); see also McLaughlin v. Esselte Pendaflex Corp., 50 F.3d
507, 510 (8th Cir. 1995).

The defendant has met its initial burden to demonstrate the
absence of any genuine issue of material fact and entitlement to
judgment as a matter of law. Viewing the evidence in the light
most favorable to the plaintiff, the Court is not persuaded that
she has raised a genuine issue of material fact on her claims of
bad faith, slander, outrage, and negligence.

Accordingly, the defendant's Motion for Partial Summary
Judgment (doc. #66) is **GRANTED**. Counts III, V, and VI of the
Amended Complaint are **HEREBY DISMISSED**. Trial on the breach of
contract claim will proceed as scheduled on October 31, 2005.
Dated this ___6th___ day of September, 2005.

Rodney S. Webb
RODNEY S. WEBB
UNITED STATES DISTRICT JUDGE