IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHERINE TWEEDLE                                        PLAINTIFF


V.                              CASE NO. 4:04-CV-608 (RSW)


STATE FARM FIRE AND CASUALTY
COMPANY                                                  DEFENDANT


                          **O R D E R**

     Before the Court are the following motions:

- Plaintiff Katherine Tweedle's motions to proceed

     against corporate surety (docs. #197 & #213);

- Intervenor John Stansel Harvey's Motion to Intervene

     (doc. #198) and Supplemental Motion to Intervene (doc.

     #205);

- Defendant State Farm Fire and Casualty Company's

     ("State Farm") Second Motion to Amend Judgment (doc.

     #201);

- Tweedle's motions to enforce the judgment (docs. #204 &

     #214); and

- Tweedle's Motion to Dismiss or Strike the Motion to

     Intervene (doc. #216).

     The Court will address each motion separately.

## I.   Motions Regarding Intervention

     The Eighth Circuit Court of Appeals affirmed this case in

November 2006 (doc. #191).  In December 2006, Harvey filed a

                               1

motion to intervene, claiming an interest in the property and

insurance contract and, thus, an interest in the insurance

proceeds (doc. #198).  On December 19, the Court held a telephone

hearing with Tweedle, State Farm, and Harvey to discuss how to

proceed.  Prior to the hearing, State Farm tendered a check to

Tweedle, Tweedle's counsel, and Harvey as payees.  Both Tweedle

and Harvey were insured under the insurance policy.  At the

hearing, Harvey conceded any interest in the personal property

proceeds but claimed an interest in the principal amount of the

house, the interest on the principal, and the 12% penalty

provided for under Arkansas law.  The Court ordered State Farm

deposit with the Court, as provided in Fed. R. Civ. P. 67, the

amount in which Harvey claimed an interest to allow the Court

time to decide how to proceed with the Motion to Intervene.  The

Court also ordered a separate check be paid to Tweedle and her

counsel for proceeds of the personal property, interest on the

personal property, and attorney's fees and costs.

Rule 24(a), Fed. R. Civ. P., provides for intervention of

interested parties:

> Upon timely application anyone shall be permitted
> to intervene in an action: (1) when a statute of the
> United States confers an unconditional right to
> intervene; or (2) when the applicant claims an interest
> relating to the property or transaction which is the
> subject of the action and the applicant is so situated
> that the disposition of the action may as a practical
> matter impair or impede the applicant's ability to
> protect that interest, unless the applicant's interest
> is adequately represented by existing parties.

Before Harvey may intervene in a lawsuit, he must prove
several requirements.  First, Harvey must show his motion is
timely.  Mille Lacs Band of Chippewa Indians v. State of Minn.,
989 F.2d 994, 998 (8th Cir. 1993).  When deciding if the motion
was timely, the Court must consider "the reason for the proposed
intervenor's delay in seeking intervention, how far the
litigation has progressed before the motion to intervene is
filed, and how much prejudice the delay in seeking intervention
may cause to other parties if intervention is allowed."  Id.
However, no bright line exists for when a motion is untimely,
id., and intervention after judgment has been entered is not
unusual.  Jochims v. Isuzu Motors, Ltd., 148 F.R.D. 624, 627
(S.D. Iowa 1993).  Finally, Harvey must meet the three
substantive elements of Rule 24(a):  "1) the party must have a
recognized interest in the subject matter of the litigation; 2)
that interest must be one that might be impaired by the
disposition of the litigation; and 3) the interest must not be
adequately protected by the existing parties."  Mille Lacs Band,
989 F.2d at 997.

Tweedle argues that Harvey's motion is untimely.  Regarding
the first timeliness factor, Harvey notes that had the jury
concluded Tweedle had committed arson, he would not have
prevailed in an insurance claim.  Because Tweedle could
adequately defend his rights at that point, Harvey had no reason
to join the lawsuit.  The Court finds this is a legitimate

concern.  Harvey could not be expected to expend his resources when State Farm suspected Tweedle, not him, of wrongdoing.

Regarding the current stage of litigation, this case is almost complete.  However, as in <u>Jochims</u>, intervention may be proper after judgment.  Therefore, the Court intervention at this stage is proper.

Finally, Harvey's right to claim his share of the proceeds outweighs the prejudice to Tweedle.  Although Tweedle is still unable to enjoy a portion of the proceeds, Harvey has a right to protect his interest in them.  If intervention were denied, Harvey could permanently lose the opportunity to collect any proceeds.  Furthermore, Harvey claims only a part of the proceeds.  He concedes he has no interest in the personal property.  Therefore, the prejudice to Tweedle does not weigh in favor of denying intervention.  Harvey's motion to intervene is timely.

Tweedle argues she tried to join Harvey in the suit, but the Court denied that joinder.  So, Tweedle argues, Harvey should not be allowed to intervene now.  However, the Court's denial was in response to Tweedle's motion to join Harvey under Fed. R. Civ. P. 19 as a necessary party (doc. #60).  The Court denied that motion because Tweedle could enforce her rights against State Farm under the insurance contract without Harvey (doc. #86).  Harvey now wishes to protect his interest in the insurance proceeds.

Harvey's motion has also met the three substantive elements of intervention under Rule 24(a).  First, Harvey has an interest

in the litigation subject matter, namely the disputed property. The warranty deed conveying the property to Harvey and Tweedle reveals the property was conveyed to both Harvey and Tweedle as grantees (doc. #226, exh. #2) (the Court has also been advised that Harvey and Tweedle recently sold the salvaged property and divided the proceeds, indicating some mutual interest in the property). Harvey and Tweedle each signed a promissory note as borrowers (doc. #217, exh. #1). Both Harvey and Tweedle insured the house. The divorce judgment gave Tweedle "possession of the parties' marital home and both parties will make one-half the house payment" as part of child support (doc. 198). The judgment does not appear to have altered legal title to the property. Therefore, the Court concludes Harvey retained an interest in the property. Intervention is needed to resolve the extent of that interest.

Second, disposition of this litigation would impair Harvey's interest. If the Court were to deny intervention and allow Tweedle to satisfy the Court's judgment against State Farm, he would be forced to litigate his right to the proceeds elsewhere, possibly losing the opportunity to collect.

Finally, neither Tweedle nor State Farm can adequately protect Harvey's interest. Tweedle and Harvey's positions are opposite of each other. Therefore, intervention is proper.

Tweedle has expended a great deal of time, resources, and attorney expenses to secure a judgment, which is not lost on the Court. The Court will consider that when it decides who is

entitled to what amount of the insurance proceeds.  Harvey's
motions to intervene are **GRANTED**.  Tweedle's Motion to Dismiss or
Strike the Motion to Intervene is **DENIED**.  The Court implores
Tweedle and Harvey to discuss settlement.  If Tweedle and Harvey
are unable to resolve their dispute, the Court will hold a bench
trial to decide each party's right to the disputed insurance
proceeds.

## II.  Motions to Proceed Against Corporate Surety

Tweedle has moved to proceed against the judgment surety,
State Farm General Insurance Company ("the surety") (docs. #197 &
#213).  State Farm objects, arguing Tweedle is attempting to
secure double recovery under the insurance policy.  In December
2006, State Farm tendered a check made out to Tweedle, Tweedle's
counsel, and Harvey for the judgment (doc. #197).  Although
Tweedle contends State Farm included Harvey in bad faith, Harvey
is insured under the policy, so State Farm had little choice but
to include Harvey.  The Court ordered that State Farm deposit
with the Court the disputed proceeds and that State Farm issue a
new check to Tweedle and Tweedle's counsel for the undisputed
proceeds.  State Farm complied with that order.

Therefore, State Farm has attempted to satisfy the judgment
against it in good faith.  Tweedle has no reason to proceed
against the surety when State Farm has attempted to satisfy the
judgment.  Tweedle's motions to proceed against the surety (docs.
#197 & #213) are **DENIED**.

Rule 60(b), Fed. R. Civ. P., grants this Court the authority to relieve a judgment debtor and guarantor from their obligations when a judgment has been satisfied:  "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, . . ."  The Court may use a deposit in court to facilitate the satisfaction of a judgment.  See Torres-Troche v. Municipality of Yauco, 873 F.2d 499, 501 (1st Cir. 1989) (affirming the release of an insured municipality's judgment through the money the insurer deposited with the court).

Furthermore, the forum state's statutes regarding execution of a judgment apply to a federal judgment:  "The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . ."  Fed. R. Civ. P. 69.  Section 16-65-602(c), Ark. Cod. Ann., allows the Court to satisfy a judgment when one party refuses to satisfy the judgment:

> (1)  If the person receiving satisfaction of any judgment or decree neglects or refuses to acknowledge the satisfaction of the judgment or decree within the time prescribed by subdivision (b)(1) of this section, the party interested may, on notice given to the adverse party or his or her attorney, apply to the court to have satisfaction entered.
>
> (2)  If the court is satisfied that the plaintiff or his or her agent or attorney has received full satisfaction of the judgment or decree, an order shall be made directing the clerk to enter satisfaction on the judgment or decree, which

shall have the same effect as if it had been
acknowledged by the party.

The Court may rely on a state statute to satisfy a judgment
where the judgment creditor refuses to satisfy the judgment.  See
Wolf-Lillie v. Sonquist, 699 F.2d 864, 873 (7th Cir. 1983)
(holding that although the district court may not dismiss the
case when one party has refused to satisfy the judgment, it may
rely on state statute to satisfy the judgment).  Therefore, if
Tweedle refuses to satisfy the judgment, State Farm could ask the
Court to satisfy the judgment under Rule 67 and Rule 69.

## III. Motions to Enforce Judgment

Tweedle has filed two motions asking the Court to enforce
its Third Amended Judgment and noticing its filing of an
attorney's lien (doc. #204 & #214).  In light of the Court's
holdings on the other motions before it, the Court **DENIES AS MOOT**
Tweedle's motions to enforce the judgment.  This ruling does not
affect Tweedle's and her Counsel's notices regarding an
attorney's lien.  They have the right to secure a lien under Ark.
Code Ann. § 16-22-304.

## IV.  Motion to Amend Judgment

Finally, State Farm moves this Court to amend its Third
Amended Judgment to reflect the set-off of the outstanding
mortgage balance and claims previously paid under the policy
(doc. #201).  At the December 2006 telephone conference, the
Court granted a set-off of $45,102.59 for the outstanding
mortgage and $1,000 for claims previously paid on the policy.

The Court denied a set-off of $1,679.50 because it was not for the benefit of the insured.  Therefore, State Farm's motion is **GRANTED IN PART** and **DENIED IN PART**.  The Clerk of Court is **ORDERED** to amend the Third Amended Judgment to reflect the credits allowed.  The 12% penalty imposed by Arkansas Statute shall be applied to the total judgment before set-offs.

## V.    Conclusion

Harvey's motions to intervene (docs. #198 and #205) are **GRANTED**.  Tweedle's Motion to Dismiss or Strike the Motion to Intervene (doc. #216) is **DENIED**.  Tweedle and Harvey are **ORDERED** to provide their social security numbers to the Clerk of Court for tax purposes in the event each are awarded taxable income. Tweedle's motions to proceed against corporate surety (docs. #197 & #213) are **DENIED**.  Tweedle's motions to enforce the judgment (docs. #204 & #214) are **DENIED AS MOOT**.  State Farm's Second Motion to Amend Judgment (doc. #201) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2007.

RODNEY S. WEBB  District Judge
United States District Court

9