IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHERINE TWEEDLE                                              PLAINTIFF

V.                    CASE NO. 4:04-CV-608 (RSW)

STATE FARM FIRE AND CASUALTY
COMPANY                                                        DEFENDANT

JOHN STANSEL HARVEY                                            INTERVENOR

**ORDER STAYING CASE PENDING CURRENT APPEAL**

The Court currently has pending before it several motions. However, on March 16, 2007, Plaintiff Katherine Tweedle filed a notice of appeal (doc. #277). Therefore, the Court must clarify its current jurisdiction.

Generally, the filing of a notice of appeal is a jurisdictional event, divesting the district court of jurisdiction in the case. State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999). One exception to this rule is that if the appeal is taken from a non-appealable order or is frivolous, the district court is not divested of jurisdiction. Id. The Eighth Circuit has warned, "[h]owever, appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue."

Id. at 1106-07 (citing Johnson v. Hay, 931 F.2d 456, 459 n. 2 (8th Cir. 1991)).

This Court is of the firm impression that none of its orders issued since the Eighth Circuit's last appeal are final and, therefore, not appealable. However, this conclusion is not for the District Court to make. Therefore, this Court will "stay its hand" until the Circuit has resolved the appeal. However, some observations of the current status of the case may be helpful to the Circuit.

Throughout this case and until appellate resolution of the jury verdict, both parties and their attorneys have worked with great competence and professionalism. The Court is concerned that the litigation has become extremely contentious because of old emotions that remain from the divorce of Katherine Tweedle and John Stansel Harvey. That contentiousness began when Harvey intervened as a named insured to secure a portion of the judgment and has now boiled over into the legal issues before the Court. This frustrates the Court because it would like to address these legal issues promptly for the benefit of the Plaintiff, Defendant, and Intervenor. Prompt resolution of these issues is no longer possible because of the pending appeal. As the Court alluded to in its last order, the best direction to proceed was to split the judgment into those amounts contested and not contested, deposit the contested amount with the Court, and allow State Farm to exit the litigation. State Farm has complied with every decision of this Court and the Eighth Circuit; the judicial

system should not demand more.  The Court would then have held an evidentiary hearing to determine Tweedle's and Harvey's rights in the property and how the Court's judgment should be divided, not forgetting that each party bore its own burden to prove its rights.  This plan will now have to wait for the outcome of the appeal.

The Court **STAYS** this case, pending the outcome of the appeal.  The pending motions shall remain open during that time.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2007.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court