```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

KATHERINE TWEEDLE                                    PLAINTIFF

V.                  CASE NO. 4:04-CV-608 (RSW)

STATE FARM FIRE AND                                  DEFENDANT
CASUALTY COMPANY

**O R D E R**

Before the Court are nine motions filed before the most recent appeal in this case. The Eighth Circuit decided that appeal on June 4, 2008. Tweedle v. State Farm Fire & Cas. Co., __F.3d__ No. 07-1616, 2008 WL 2262345 (8th Cir. June 4, 2008). This Court now returns to these motions and will address each in turn.

**Motion for Requirement for State Farm to Pay Additional Interest (Docket #231)**

Plaintiff moves for requirement that State Farm pay additional interest. Defendant State Farm resists (doc. #234), and plaintiff has replied (doc. #248).

First, the plaintiff prays for interest on the $60,000 attorneys fee award. The Court directed that the $60,000 be inserted in the judgment. The Court hereby **DENIES** plaintiff's motion. No pre-judgment interest has ever been awarded by this

-1-

Court on attorneys fees, though, of course, plaintiff is entitled to post-judgment interest.

Second, plaintiff asks for pre-judgment interest on the judgment award of $139,938.88.  This request is **DENIED** because the Court has already ordered pre-judgment interest on the net verdict award relating to the loss of the dwelling ($109.700 minus $45,102.59, which represents the mortgage payoff, and minus $1,000 setoff) and on the judgment damages relating to the personal property.  This calculation is shown on a chart at docket #232-02.  Plaintiff's request for post-judgment interest has been recognized and post-judgment interest is and has been awarded.

## Motion for Attorneys Fees against State Farm Casualty Co. #3 (Docket #236)

Plaintiff reasons that she is entitled to additional attorneys fees over and above the $60,000 awarded by this Court and the additional fees of $13,208.10 awarded by the Eighth Circuit.  This motion is **DENIED**.  The delays and problems referenced by the plaintiff relating to the State Farm inclusion of John Stansel Harvey on the payment check are without merit.  Mr. Harvey's name was contractually required to be included on the State Farm insurance payment check.  Both Mr. Harvey and Ms. Tweedle were insureds under the contract of insurance.

## Motion for Attorneys Fees from State Farm & Casualty Co. #1
## (Docket #238)

This motion is **DENIED** for the same reasons as the #236 motion. This Court has ordered the payment of attorneys fees, and the Eighth Circuit Court of Appeals has ordered the payment of attorneys fees. State Farm has conformed to the orders of the Court. The plaintiff's attorney is not entitled to additional attorneys fees. The matter has been addressed by the Court, and the Court sees no merit in additional consideration of this matter. When the Court ordered attorneys fees to be inserted in the judgment, it specifically did not include, and did not intend to include, pre-judgment interest on that sum of money on the judgment. This reasoning also applies to costs and the Arkansas 12% penalty which has been inserted in the judgment; the Court has not, and does not intend to, award pre-judgment interest on these items.

## Motion for Attorneys Fees as to State Farm Casualty Co. #2
## (Docket #240)

This motion is **DENIED**. The Court adopts the reasoning for denial of the similar motions identified by plaintiff as numbers 1 and 3. The order of the Court denying the plaintiff's motion to proceed against the corporate surety has been adopted by the Circuit Court and this Court's order of denial affirmed. This

Court rejects the plaintiff's suggestion that State Farm has obligated plaintiff to additional legal effort because of its inclusion of the name of John Stansel Harvey as payee on the insurance payment check.  Mr. Harvey was an insured under the insurance policy, and in this Court's view, the defendant State Farm has no choice but to include the names of both Ms. Tweedle and Mr. Harvey as payees on the check.  The Court also rejects the proposition that State Farm's counsel have created additional work for plaintiff because of their improper tactics; the Court is of the view that State Farm's post-judgment legal effort has been fully justified by the plaintiff's complaints.

**Motion for Contempt Against State Farm Fire & Casualty Company; Motion for Attorney's Fees as to State Farm Fire and Casualty Company (Docket #242)**

This motion is **DENIED**.  The Court adopts reasoning of its previous holdings in this order.  The docket of the Court shows that the judgment has been partially satisfied (#276) and the plaintiff has accepted partial payment on this judgment.  The remaining portions of the judgment against State Farm have been deposited with the Court and will be subject to a subsequent hearing and order following the Court's determination of the merits thereon.  The Court recognizes that plaintiff is of the view that this Court committed error in not preventing

intervention of John Stansel Harvey in this case.  However, this Court's order permitting the intervention has been affirmed by the Eighth Circuit Court of Appeals.

## **Motion for Immediate Disbursement to the Plaintiff of the 12% Penalty Against State Farm Fire & Casualty Company**
## **(Docket No. 245)**

This motion is taken under advisement and will be decided by the Court after an evidentiary hearing.  The sum of $16,792.67, which represents the 12% penalty permitted by Arkansas law, has been calculated and allowed by the Court and inserted in the judgment in this case; the sum has been deposited with the Court on a F.R.Cv.P. Rule 67 deposit into court by the defendant State Farm, along with the net dwelling loss and pre-judgment and post-judgment interest on the dwelling totaling $90,712.68.  The entitlement or proportionate entitlement to this sum of money is now subject to dispute between the plaintiff and the intervenor.  The Court will address the entitlement to these funds in a separate evidentiary hearing.  The Court has already discussed with the parties the necessity of having a bench trial (now set for June 24, 2008) on these issues and that determination by the Court will soon be made.

**Request for Jury Trial (Docket #244) and Motion to Refer All Issues Pertaining to Divorce Decree to State Court (Docket #247)**

These motions are **DENIED**.  The Court regards the issues relating to the allocation of funds paid by defendant State Farm for net dwelling loss, pre-judgment and post-judgment interest, and the 12% penalty authorized by Arkansas statute to be questions of law for the Court to determine relating to the contractual and legal ownership claims of the plaintiff and intervenor.  This issue will be resolved at a bench trial.  In dicta, the Eighth Circuit Court of Appeals positively recognized this procedure.  Tweedle, 2008 WL 2262345, at *5.

The Court also notes that the Circuit Court held ". . . that the district court did not err in granting Hansel's motion to intervene."  Id.

**Motion for Authority to Cash Check from State Farm Fire & Casualty Company to Katharine Tweedle and Her Attorney (Docket #261) and Motion for Ruling Determination if Katharine Tweedle Can Cash Check for Judgment Awarded to Her for Personal Property and Attorney's Fees and Still Appeal the District Court's Disbursal Orders and Other Matters Pertaining to the Judgment (Docket #261)**

This motion is **DENIED AS MOOT**.  Plaintiff has received and negotiated the draft tendered by State Farm ($112,840.79) and filed partial satisfaction of judgment (doc. #276).

Dated this 18th day of June, 2008.

*[signature: Rodney S. Webb]*
RODNEY S. WEBB District Judge
United States District Court