```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

KATHERINE TWEEDLE                                        PLAINTIFF

V.                    CASE NO. 4:04-CV-608 (RSW)

STATE FARM FIRE AND                                      DEFENDANT
CASUALTY COMPANY

## **O R D E R**

**Motion for Satisfaction of Judgment (Docket #232) and Motion for Costs Pursuant to Arkansas Code Annotated § 16-05-602 (Docket #257)**

Pursuant to F.R.Cv.P. 60 and 67 and Arkansas Code Ann. §16-65-602, the Court has before it the defendant State Farm's motion for satisfaction of judgment (doc. #232) and its corollary motion for costs pursuant to Arkansas Code § 16-65-602 (doc. #257).  The Court has considered these motions, the comments of counsel during a status conference of June 13, 2008, and the comments of the Eighth Circuit Court of Appeals in its recent opinion filed June 4, 2008.  Tweedle v. State Farm Fire & Cas. Co., __ F.3d __, No. 07-1616, 2008 WL 2262345 (8th Cir. June 4, 2008).  The motion for satisfaction of judgment is **GRANTED** and the motion for additional costs is **DENIED**.

The jury made an award in favor of the plaintiff and against the defendant State Farm for loss of a dwelling and personal

property.  The Court followed that jury award by inserting in the judgment statutory penalty of 12% pursuant to Arkansas law, attorneys fees, and costs.  The judgment also contained a calculation award of pre-judgment and post-judgment interest.  The defendant State Farm has tendered payment of the entire judgment by a deposit into the Court of the sum of $90,712.68 pursuant to Fed. R. Civ. P. 67.  Additionally, the defendant has tendered, and the plaintiff Katharine Tweedle has accepted, a partial judgment payment in the sum of $112,840.79 and filed her satisfaction of judgment (doc. #276).  The Court recognizes that there is a controversy between plaintiff Tweedle and the intervenor John Stansel Harvey relating to the entitlement to the sum deposited in Court.  The Court will soon resolve the dispute between the plaintiff and the intervenor relating to this sum of money at a bench trial (now set for June 24, 2008).  As the Circuit Court noted in its opinion of June 4, 2008:

> "All that remains for the District Court is the 'ministerial task' of determining how much of the judgment, if any, is owed to late-arriving defendant Harvey. [Cite omitted.]  That is between Tweedle and Harvey and does not involve State Farm's interests. And any subsequent appeal from the District Court's decision on the matter likewise will not concern State Farm.  As the District Court noted, 'State Farm has complied with every decision of this Court and the Eighth Circuit; the judicial system should not demand more.'"  Tweedle, 2008 WL 2262345, at *4.

The motion of State Farm for satisfaction of judgment is **GRANTED** and counsel for State Farm is directed to provide the

Court with a proper form for its execution to show the satisfaction and release of judgment.

As a corollary matter the defendant State Farm has asked for costs relating to the legal controversies surrounding this matter after judgment.  While this Court appreciates State Farm's being subjected to much legal wrangling and the emotional disputes related to the plaintiff's and intervenor's marital disputes, the Court does not believe it unreasonable to require that State Farm continue following the jury's decision to finality and resolve all of its legal involvements without additional costs; this case would not have been necessary if the underlying claim had been properly assessed and paid.  Accordingly, the motion for costs is **DENIED**.

Dated this 18th day of June, 2008.

*Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court