IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHERINE TWEEDLE                                          PLAINTIFF


v.                    CASE NO. 4:04-CV-608 (RSW)


STATE FARM FIRE AND CASUALTY
COMPANY                                                    DEFENDANT

JOHN STANSEL HARVEY                                        INTERVENOR


## MEMORANDUM OPINION AND ORDER

This case is once again before this Court in order to settle the dispute between Plaintiff Katherine Tweedle and Intervenor John Stansel Harvey over distribution of the insurance proceeds State Farm has deposited with the Court.  The Court held a bench trial on June 24, 2008, on the matter.  It enters this Memorandum Opinion and Order as its findings of fact and conclusions of law under Fed. R. Civ. P. 52(a).  Of the $90,712.68 on deposit with the court, the Court awards $62,303.81 to Tweedle and $28,408.87 to Harvey.  Any interest that has accrued since being deposited with the Court shall be split 69 percent to Tweedle and 31 percent to Harvey, after the Court's registry fee is deducted. Tweedle's motion for disbursement of the 12 percent penalty (doc. #245) is **GRANTED.**

I.   **Facts**

The facts of this case are well known, so the Court will recite only those relevant to this dispute.  In 1985, while

1

married, Tweedle and Harvey purchased a house in Saline County, Arkansas.  The warranty deed conveyed the property to "Stansel Harvey and Katherine T. Harvey, husband and wife, . . ." Intervenor Exh. 2.  Harvey and Tweedle executed a promissory note, which lists both as "borrowers."  Intervenor Exh. 1.

In 1987, Tweedle and Harvey divorced.  The Saline County Chancery Court divorce decree provides, "Additionally, as child support, [Tweedle] shall be given possession of the parties' marital home and both parties will make one-half of the house payment.  The house will be sold if at any time [Tweedle] should cease residing there, remarry, or if custody of the child shall change."  Intervenor Exh. 5, p. 2.  The decree also states, "If and when the home is sold as heretofore set out, the furnishings that are deemed to be marital property will likewise be sold and divided equally."  Id. at 3.  At the bench trial, Harvey and Tweedle testified neither had executed any legal document that would have changed title to or transferred the property.

Regarding insurance, Harvey and Tweedle were both insured under the contract with State Farm.  The most recent insurance declaration, covering the period August 14, 2002, to August 14, 2003, lists "Harvey, Stansel & Katherine T." as insured policy holders.  Intervenor Exh. 4.

 Harvey's and Tweedle's son turned eighteen-years-old on June 7, 2003.  On June 16, 2003, a fire destroyed the home. Tweedle and Harvey each submitted separate claims to State Farm for the loss.  Intervenor Exh. 10.  While the dispute with State

Farm was ongoing, Harvey petitioned the Arkansas state court for sale of the property.  Intervenor Exh. 17.  The property was sold in July 2004.  Intervenor Exh. 23.  The documents of the title company that conducted the closing indicate Harvey and Tweedle each owned a 50 percent interest in the property.  Intervenor Exh. 24.  The title company sent Harvey and Tweedle each a check for one-half of the proceeds of the sale.  Intervenor Exh. 25.  At trial Harvey and Tweedle testified they each negotiated the check.

State Farm denied the claims, contending Tweedle or someone at her direction intentionally set the fire.  Intervenor Exh. 11.  Tweedle sued State Farm, and in November 2005, a jury found for Tweedle, and the Court awarded her a judgment against State Farm (doc. #125, #130, #156, #158, #195).  After the jury's verdict was affirmed on appeal, Tweedle v. State Farm Fire & Cas. Co., 202 Fed. Appx. 934, 939 (8th Cir. 2006), Harvey moved to intervene, seeking his share of the insurance proceeds for the house (doc. #198).  The Court granted the intervention (doc. #228), and the disputed portion of the judgment, $90,712.68, was deposited with the Court (doc. #207).  The Eighth Circuit Court of Appeals affirmed Harvey's intervention.  Tweedle v. State Farm Fire & Cas. Co., 527 F.3d 664, 672 (8th Cir. 2008).  This dispute is ripe for consideration by the Court.

**II.  Discussion**

This case is unique in that while the parties are pursuing insurance proceeds, it takes on the characteristics of a partition of co-tenancy land and also the distribution of marital property.  In dividing the proceeds from a partitioning of property, Arkansas law provides, in relevant part, "The proceeds of every sale, . . . shall be divided among the parties whose rights and interests shall have been sold, in proportion to their respective rights in the premises, and shall be paid to them . . . ."  Ark. Code Ann. § 18-60-423 (2004).  However, this case also takes on the characteristics of a distribution of marital property because had the house not been destroyed by fire, it would have been sold and divided as provided in the divorce decree.  For the distribution of marital property, Arkansas law directs:

> All marital property shall be distributed one-half
> (½) to each party unless the court finds such a
> division to be inequitable. In that event the court
> shall make some other division that the court deems
> equitable taking into consideration:
>
> (i)     The length of the marriage;
> (ii)    Age, health, and station in life of the
>         parties;
> (iii)   Occupation of the parties;
> (iv)    Amount and sources of income;
> (v)     Vocational skills;
> (vi)    Employability;
> (vii)   Estate, liabilities, and needs of each
>         party and opportunity of each for further
>         acquisition of capital assets and income;
> (viii)  Contribution of each party in acquisition,
>         preservation, or appreciation of marital
>         property, including services as a
>         homemaker; and
> (ix)    The federal income tax consequences of the
>         court's division of property.

<u>Id.</u> § 9-12-315(a)(1)(A).  When dividing the property, the Court must state its reasons for not dividing the property equally. <u>Id.</u> § 9-12-315(a)(1)(B).  Arkansas courts have held a trial court has broad powers in dividing martial property to find a fair and equitable division under the circumstances.  <u>Keathley v. Keathley</u>, 61 S.W.3d 219, 224 (Ark. Ct. App. 2001).  The court need not mechanically discuss the enumerated factors and may consider other facts not listed.  <u>Id.</u> at 225.  The Court is to use its "best judgment" in making an equitable division.  <u>Stover v. Stover</u>, 696 S.W.2d 750, 752 (Ark. 1985).  The Court may also "order credits and set-offs as appear equitable and just." <u>Hodges v. Hodges</u>, 770 S.W.2d 164, 168 (Ark. Ct. App. 1989)(en banc).

### A.    Interests in the Property

First, the Court must consider Tweedle's and Harvey's legal interest in the property and insurance contract.  The deed conveyed the property to "Stansel Harvey and Katherine T. Harvey, husband and wife," thus creating a co-tenancy interest in the undivided whole.  As the Eighth Circuit noted in its recent opinion, "It is undisputed that the warranty deed conveyed the insured house to Tweedle and Harvey together as grantees."

The Court next turns to the divorce decree and what its effect would have been on partitioning the property.  The chancery court granted Tweedle "possession" of the home. Intervenor Exh. 4, p. 2.  The court did not grant title to

Tweedle.  This is further illustrated by the language mandating when the property must be sold.  If Tweedle had been given outright title to the property, she would not have been under any obligation to sell the property.  Furthermore, the decree addressed the furnishings that remained in the home.  The court expressly stated these furnishings were marital property and should "likewise" be sold and divided equally "[i]f and when the home is sold . . . ."  Id. at 3.  The home was also referred to as the "marital home."  Id. at 2.  Reading these paragraphs together, this Court concludes the remaining undivided marital property, including the home and furnishings, were to be divided equally when the house was sold.

This conclusion is also supported by the fact that Tweedle and Harvey split the proceeds equally when the property was sold. At trial, Tweedle testified that Harvey had manipulated the title company into issuing the checks and that the proceeds of the sale were supposed to be deposited with the court.  However, Tweedle did not contest the issuing of the checks after she received hers.  She negotiated the check because she believed she had no other choice.  However, she still accepted the conclusion the proceeds should have been split equally.

Turning to the insurance contract, Harvey and Tweedle were each insured under the policy.  Nothing presented to the Court shows any agreement either with the insurance company or between Tweedle and Harvey that proceeds from an insured loss would be divided in any manner other than their legal interest in the

insured property.  The Court concludes Tweedle and Harvey each had an equal share of the property.  Therefore, the Court concludes, as a starting point, that the insurance proceeds should also be split equally.

**B.    Equitable Division of Proceeds**

Having determined each parties' legal interest in the property, the Court now turns to a partition of the insurance proceeds, considering the equitable statutory factors discussed above.  Specifically, the Court finds the eighth factor, "Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker," is the most relevant factor to consider under these circumstances.  Ark. Code Ann. § 9-12-315(a)(1)(A)(viii).

At the end of the bench trial, Tweedle testified she continued to make mortgage payments after the fire because she believed she was obligated to do so.  The parties supplemented the record after trial to provide evidence of this (doc. #304 and attachments).  In fact, State Farm was obligated to pay the balance of the mortgage, but the final payoff was not made until November 2003 (doc. #304-2).  Tweedle's payments paid down the mortgage on the home.  Harvey was benefitted because ultimately more proceeds were paid to Tweedle and Harvey and less in the payoff to the mortgagee.  Therefore, the Court finds Tweedle is entitled to a credit or set-off of the full amount she paid to the mortgagee after the fire.  This totals $2,102.28.

The Court also finds that under the circumstances of this case, Tweedle is entitled to $15,000 before any final division to compensate her for dedicating her time and resources to acquire the insurance proceeds.  Without Tweedle's actions, it is quite possible that neither party would have received any insurance proceeds from State Farm.  While the Court does not demean Harvey's strategic choice to not sue and not join this lawsuit earlier, the Court cannot ignore that it was Tweedle who pursued State Farm.  The Court finds $15,000 is sufficient to compensate her.  The Eighth Circuit articulated this Court's intent to provide compensation in its recent opinion.  See Tweedle, 527 F.3d at 672 n.3 ("It may actually be to Tweedle's benefit to have the District Court decide the issue, considering that court's intimate familiarity with the course of this litigation." (citing this Court's Order of Feb. 9, 2007, at 5-6)).

The Court now turns to the 12 percent penalty awarded to Tweedle in the amount of $16,792.67.  Harvey claims he is also entitled to one half of the penalty because the Arkansas statute awards the penalty to "the holder of the policy" and he is a co-holder of the policy.  Arkansas Code § 23-79-208(a)(1) provides, in relevant part:

> In all cases in which loss occurs and the . . .
> insurance company . . . shall fail to pay the losses .
> . . , the person, firm, corporation, or association
> shall be liable to pay the holder of the policy . . . ,
> in addition to the amount of the loss, twelve percent
> (12%) damages upon the amount of the loss, . . . .

8

However, the Arkansas Supreme Court has held that intervenors should not collect the penalty or attorney fees imposed by the statute.  On rehearing in <u>Federal Union Surety Company v. Flemister</u>, the court considered whether intervenors that had not individually sued an insolvent insurance company could collect the statutory attorney's fees and penalty against the company's surety.  130 S.W. 574, 578 (Ark. 1910).[1]  <u>Flemister</u> involved the court-appointed receiver of an insolvent insurance company suing its surety to collect on the bond as an asset of the insurance company.  <u>Id.</u> at 577.  Individual claimants against the insurance company voluntarily intervened in the case but never sued the insurance company individually.  <u>Id.</u> at 578.  In its initial opinion, the court denied any attorneys fees.  <u>Id.</u> On rehearing, the intervenors argued the predecessor statute of § 23-79-208 entitled them to attorney fees and penalties.  <u>Id.</u> at 578-79.  The court noted the intervenors had forgone suing the insurance company in a court of law and instead voluntarily consented to the jurisdiction of the chancery court, sitting in equity.  <u>Id.</u> at 579.  The court held that in equity, the intervenors could not collect the 12 percent penalty or attorneys fees when they had not sought relief on their own.  <u>Id.</u>  This Court sits in law and equity.  <u>See</u> Fed.R.Civ.P. 1 n.3 ("the Court

---

[1]  The Court acknowledges <u>Flemister</u> is an old opinion. However, this Court's research of the case indicates it is still good caselaw.  The Court also notes it is included as current law by the Arkansas Code Annotated.  Ark. Code Ann. § 23-79-208 (2004) Receivership ann. at 176.

has united the general rules prescribed for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both."); Fed. R. Civ. P. 2 ("There is one form of action--the civil action.").

Flemister provides persuasive, if not controlling, precedent as to the intent of § 23-79-208.  As in Flemister, Harvey never sued State Farm, choosing instead to strategically await the result of Tweedle's suit.  After Tweedle was successful, he voluntarily submitted himself to this Court to decide what share of the proceeds he was entitled.  The Court acknowledges Harvey had no lazy or ill motive in not joining the lawsuit earlier and understands that if he had joined Tweedle, he may have created confusion for his claim if Tweedle was found to have set the fire.  However, it does not follow that he should be entitled to the full reward of Tweedle's efforts.  Therefore, the Court concludes Harvey is entitled to no part of the 12 percent penalty awarded to Tweedle.

Crediting Tweedle these amounts leaves $56,817.73 in insurance proceeds, pre-judgment interest, and post-judgment interest.  The Court finds these funds should be split equally. Each party had a 50 percent interest in the property.  Tweedle has been compensated for her efforts in acquiring the insurance proceeds.  Tweedle and Harvey should now share equally in the remaining balance.  Tweedle is awarded $28,408.86, and Harvey is awarded $28,408.87.

**Summary of Division of Insurance Proceeds**

| | | | |
|---|---|---|---|
| Deposit Into Court | | $90,712.68 | 100% |
| | | | |
| Mortgage Payments by Tweedle | 2,102.28 | | |
| Compensation for Tweedle's Efforts | 15,000.00 | | |
| 12% Statutory Penalty | 16,792.67 | | |
| 50% to Tweedle | 28,408.86 | | |
|    Tweedle Subtotal | | $62,303.81 | 69% |
| | | | |
| 50% to Harvey | 28,408.87 | | |
|    Harvey Subtotal | | $28,408.87 | 31% |

### C.   Attorney's Fees

Finally, Tweedle claims she is entitled to attorney's fees from Harvey for having to defend her claim to the insurance proceeds.  She claims the statutes allowing her to collect attorney's fees from State Farm also allow her to collect fees from Harvey.  Her reliance on these statutes is misplaced. Section 23-79-208 only directs fees be awarded against the insurance company.  Ark. Code Ann. § 23-79-208(a)(1).  Similarly, section 23-79-209(a) provides "the company shall also be liable to pay the holder of the policy all reasonable attorney's fees . . . ."  Id. § 23-79-209(a)(emphasis added).  State Farm is the insurance company.  Harvey is a co-insured.  Therefore, these statutes do not apply to this case.  Tweedle has cited no other authority that would allow this Court to assess attorney's fees against Harvey.  If the Court does have authority, it concludes

11

it would award no attorneys fees.  Each side has chosen to fight for his or her share of the proceeds; each side should have to pay his or her own attorney.

## III. Conclusion

In summary, Tweedle is awarded $62,303.81 and 69 percent of the interest the award on deposit with the Court has earned. Harvey is awarded $28,408.87 and 31 percent of the interest. Prior to determining the interest each party is entitled, the Court **ORDERS** the registry fee be deducted from the interest earned on deposit with the Court.  Tweedle's motion for disbursement of the 12 percent penalty (doc. #245) is **GRANTED.**

**IT IS SO ORDERED**, this 22nd day of July, 2008.


RODNEY S. WEBB   District Judge
United States District Court

12